CUTRER, Judge.
David Young, d/b/a Young’s Cash Store (Young), sued Harvey A. Alford (Alford) and Gary Leach, d/b/a Gary Leach Contractor (Leach), seeking judgment against them, in solido, for the sum of $1,633.89 and the recognition of a lien and privilege. The request for the recognition of the lien and privilege was denied. Alford appealed. We affirm.
Leach contracted with Alford to build a residence on certain described property. Although the contract was reduced to writing, it was not recorded. Leach did not furnish a bond to secure the contract.
Under the terms of the contract, Leach was to furnish all labor and materials, including floor coverings. Mrs. Alford went to Young’s place of business and selected the floor covering she wanted. It was priced, measurements were taken and the floor covering was subsequently installed on the premises by Young at a cost of $1,583.89.
Alford alleged that Leach was responsible for the cost of the floor covering. Young alleged that it was only after the floor covering was installed and he presented the bill to the Alfords that he learned of Leach’s obligation to the Alfords. Upon Alford’s instructions, Young sent a bill to Leach; it was never paid. Alford paid Leach in full for the construction of the residence, including the money for the floor covering.
On June 11, 1979, Young filed of record an affidavit of his claim, which he alleged preserved a lien and privilege on the real estate and home. In the instant suit, Young sought to have his lien and privilege recognized and to recover from both defendants, in solido, the cost of the floor covering plus the attorney’s fee of $50.00 for the preparation of the affidavit of claim.
Leach was served and cited on October 16, 1979, to which he filed no answer. A preliminary default was entered against Leach on November 12, 1979. This matter was tried and judgment was rendered only against Alford in the amount of $1,583.39 plus legal interest and one-half the court costs. From this judgment Alford appealed. We affirm.
The issues presented in this case are:
(1) Whether the trial court was manifestly erroneous in rendering judgment against the defendant, Alford; and
(2) Whether the trial court erred in not recognizing plaintiff’s claim of a valid lien and privilege.
LIABILITY OF ALFORD
As to the first issue, the owner, Alford, is personally liable for the price of the materials furnished by the plaintiff. This liability arises as a matter of law. While there is no dispute as to the amount owed for the materials ($1,583.89), the disagreement between Alford and the plaintiff as to *267 whom is liable is without substance. Both Leach and Alford, the owner, are liable since there was no timely recorded construction contract. Kerner v. Gilt, 296 So.2d 428 (La.App. 4th Cir. 1974), writ den., 300 So.2d 185 (La.1974); LSA-R.S. 9:4812. The trial judge correctly rendered judgment against Alford.
PLAINTIFF’S LIEN
Young filed his affidavit on June 11, 1979. The floor covering was installed by Young on March 10, 1979. Leach performed the final work on the residence on March 11,1979. Mrs. Alford paid Leach the final payment on the contract on March 19, 1979.
LSA-R.S. 9:4812 requires that the lien be filed within sixty days after the last delivery of supplies or materials or the last performance of all services of labor. As we consider the dates set forth in the preceding paragraph, Young failed to timely file his lien. The trial court correctly refused to recognize Young’s lien.
For the reasons set forth, the judgment of the trial court shall be affirmed. Alford, appellant, is to pay costs of this appeal.
AFFIRMED.